FILED
2008 Feb-22  AM 10:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| Donald McMahan, Jr., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|   v. | )   CIVIL ACTION NO. 07-G-1182-E |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
|     Defendant. | ) |

**MEMORANDUM OPINION**

       The plaintiff, Donald McMahan, Jr., brings this action seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying his application for Social Security Benefits. Donald McMahan, Jr. filed an application for Social Security Benefits. Thereafter, plaintiff timely pursued and exhausted the administrative remedies available before the Commissioner. Accordingly, this case is now ripe for judicial review pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g).

       The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). To that end this court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." Bloodsworth, at 1239 (citations omitted). Substantial evidence is "such relevant evidence as a reasonable person would

accept as adequate to support a conclusion." Bloodsworth, at 1239.  The court has carefully reviewed the entire record in this case and is of the opinion that the Commissioner's decision is supported by substantial evidence and that proper legal standards were applied in reaching that decision.

In particular the court notes the ALJ found the plaintiff's subjective allegations not entirely credible in light of "the degree of medical treatment required...." [R 14]  A review of the record reveals that the plaintiff did not seek medical treatment for 18 months after his alleged onset date.  Even then he sought treatment sporadically at emergency rooms over a 16 day span in June 2006; three times at three different emergency rooms within 24 hours in July; and twice within 24 hours at two different emergency rooms in October 2006.  Additionally, the ALJ stated he did not credit Dr. Ismail because subsequent x-ray studies did not show the advanced arthritis of the knees that he diagnosed.  [R 15]  The record shows this conclusion was supported by substantial evidence.  Accordingly, the decision of the Commissioner must be affirmed.

A separate order in conformity with this memorandum opinion will be entered.

DONE and ORDERED 21 February 2008.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.